UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DIRK ASKEW and BEULAH ASKEW, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) )   No. 4:12CV152 HEA ) |
| UNITED STATES OF AMERICA, | ) ) |
| Respondent. | ) |

**OPINION, MEMORANDUM AND ORDER**

Plaintiffs bring the instant medical malpractice action against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. Plaintiff Dirk is a married 48–year–old male. His claims in the instant case arise from the treatment he received at VA Hospital operated by Department of Veterans Affairs. Plaintiff alleges that the treatment he received was negligent in a number of respects.

The case was tried to the Court sitting without a jury. The Court having considered the pleadings, the testimony of the witnesses, the documents in evidence, and the stipulations of the parties, and being fully advised in the premises, hereby makes the following findings of relevant fact and conclusions of law, in accordance with Fed.R.Civ.P. 52(a).

Defendant does not contest Plaintiffs' stated facts which give rise to this matter. The Court adopts, therefore, the facts as detailed by Plaintiffs in their Complaint and the stipulations of the parties . The issue before the Court, therefore, is the amount of damages to be awarded to Plaintiffs which have resulted by virtue of Defendant's agents' actions.

**Requirements of Missouri Law**

Section 538.215.1 R.S.Mo. requires the trier of fact in a medical malpractice action to itemize damages according to the following categories, the terms of which are defined in § 538.205:

> (1) "Economic damages", damages arising from pecuniary harm including, without limitation, medical damages, and those damages arising from lost wages and lost earning capacity;
>
> (3) "Future damages", damages that the trier of fact finds will accrue after the damages findings are made;
>
> (6) "Medical damages", damages arising from reasonable expenses for necessary drugs, therapy, and medical, surgical, nursing, x-ray, dental, custodial and other health and rehabilitative services;
>
> (7) "Noneconomic damages", damages arising from nonpecuniary harm including, without limitation, pain, suffering, mental anguish, inconvenience, physical impairment, disfigurement, loss of capacity to enjoy life, and loss of consortium but shall not include punitive damages;
>
> (8) "Past damages", damages that have accrued when the damages findings are made;

Based on the evidence presented on the record, the Court concludes that Plaintiff's damages are as follows:

Plaintiff Dirk Askew:

    past economic: $253, 667,

    past non-economic $525,000,

    future economic $4,000,000

    future non-economic: $2,000,000

    total $6,778,667

Plaintiff Beulah Askew: Loss of consortium: $1,525,000

Total Damages: $8,303,667.

Defendant argues that the court should permit it to provide the plaintiff's damages award for future medical costs in a reversionary trust. The plaintiffs object to a reversionary trust.

In determining whether a reversionary trust is appropriate, the court gives significant weight to whether the plaintiff objects to use of a reversionary trust. *Hull by Hull v. United States*, 971 F.2d 1499, 1504 (10th Cir.1992). The burden is on the requesting party to show that a reversionary trust is in the best interest of the injured party. *Hill v. United States*, 81 F.3d 118, 121 (10th Cir.1996). Courts

have routinely rejected requests for reversionary trusts where the injured party objects to the trust and the defendant offers no evidence of the benefit to the injured party. *Id.*; *Wyatt v. United States*, 944 F.Supp. 803, 804 (E.D.Mo.1996) (rejecting motion for reversionary trust when the competent adult plaintiff objected and the defendant offered no reason why a trust would benefit him). Because the plaintiffs oppose the imposition of a reversionary trust, the defendant has presented no persuasive evidence in support of its request and the defendant has not demonstrated that a trust is in the best interest of the plaintiff, the Court denies the request for a reversionary trust. *Hill*, 81 F.3d at 121; *Hull*, 971 F.2d at 1504–05.

Accordingly,

**IT IS HEREBY ORDERED** that Judgment shall be entered in favor of Plaintiffs and against Defendant in the total amount as follows:

Plaintiff Dirk Askew: $6,778,667.00,

Plaintiff Beulah Askew: $1,525,000,

Total: $8,303,667.

Dated this 18th day of November 2013.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE