IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **DIRK ASKEW and BEULAH ASKEW,** )<br>)<br>) | |
| Plaintiffs, )<br>) | |
| vs. ) | No. 4:12CV00152 HEA |
| ) | |
| **THE UNITED STATES OF AMERICA,** )<br>et al. )<br>) | |
| Defendants. ) | |

## AMENDED JUDGMENT

This matter is before the Court on remand from the United States Court of Appeals for the Eighth Circuit. *Askew v. United States*, 786 F.3d 1091 (8th Cir. 2015). The total amount in dispute on remand is $4,000,000.00.[1] By Orders dated June 3, 2016 and June 24, 2016, this Court held that $1,622,127 of the $4,000,000.00 shall be paid into a reversionary trust to make annual periodic payments of $62,389 to Dirk A. Askew for his lifetime or for twenty-six (26) years, whichever is shorter. The Court further held that the remaining $2,377,873.00 is to be paid to Plaintiffs' attorneys' client trust account and distributed as provided by the June 3, 2016 Order.

Accordingly, it is hereby ORDERED that, upon this Amended Judgment being final for payment purposes, the United States shall pay the remaining $4,000,000.00 as follows:

1. $1,622,127.00 shall be deposited with the Court pursuant to Rule 67, Fed. R. Civ. P.

2. $2,377,873.00 shall be paid to Plaintiffs' attorneys' client trust account to be distributed in accordance with this Court's Order of June 3, 2016.

It is hereby FURTHER ORDERED that the clerk of the court shall immediately transfer the $1,622,127.00 to Midland States Bank, which was appointed Trustee of the Reversionary Trust

---

[1] The United States has paid the $4,303,667.00 award for non-economic damages.

pursuant to the June 24, 2016 Order.

It is FURTHER ORDERED that Midland States Bank shall make the twenty-six (26) annual payments of $62,389, beginning on November 18, 2016, as provided in this Court's Order of June 24, 2016 and as set forth in the Schedule of Annual Payments at Appendix A to this Judgment. The due date and the amount of each annual payment are final, fixed, and unmodifiable. Neither the parties, nor the Trustee, nor any court shall have the power or authority to deviate from the due date or the amount of each annual payment. After the twenty-sixth payment is made to the Beneficiary, or upon the earlier date of death of Dirk A. Askew, whichever event occurs first, and after payment of final trust costs and fees, all funds remaining in the Reversionary Trust shall revert to the United States, by check made payable to the "United States Treasury fbo Dirk A. Askew" as provided in the Reversionary Trust.

It is FURTHER ORDERED that the Reversionary Trust submitted by the parties is hereby approved and shall be final and not subject to change for any purpose by the parties or any court. The Reversionary Trust is attached at Appendix B to this Amended Judgment.

It is FURTHER ORDERED that Plaintiffs shall file and serve on the United States a Satisfaction of Judgment forthwith following the payment of the $4,000,000.00 set forth herein.

As suggested by the United States Court of Appeals for the Eighth Circuit, this Court shall retain jurisdiction over the Reversionary Trust – but not the United States – until the final payments have been made.

Dated this 21st day of July, 2016.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

2

APPROVED AS TO FORM
Dated this ___20th___ day of  , 2016.   THE LAW OFFICES OF DAVID N. DAMICK

                                          BY:   *S/ David N. Damick*
                                                  David N. Damick, MBEN 38903
                                                  One Metropolitan Square, Suite 2420B
                                                  211 North Broadway
                                                  St. Louis, Misouri 63102-2733
                                                  TEL: (314) 231-0570
                                                  FAX: (314) 621-8639
                                                  Attorneys for Plaintiffs


Dated this ___20th___ day of   , 2016.  UNITED STATES OF AMERICA

                                          BY:   *S/ Nicholas P. Llewellyn*
                                                  Nicholas P. Llewellyn
                                                  Assistant U.S. Attorney
                                                  Chief, Civil Division
                                                  Thomas F. Eagleton U.S. Courthouse
                                                  111 South Tenth St., 20th Floor
                                                  St. Louis, MO 63102
                                                  email: nicholas.llewellyn@usdoj.gov
                                                  Attorney for Defendant United States of America

APPENDIX A

SCHEDULE OF ANNUAL PERIODIC PAYMENTS

| Payment Number | Payment Date | Payment |
|---|---|---|
| 1 | 11/18/2016 | $62,389.00 |
| 2 | 11/18/2017 | $62,389.00 |
| 3 | 11/18/2018 | $62,389.00 |
| 4 | 11/18/2019 | $62,389.00 |
| 5 | 11/18/2020 | $62,389.00 |
| 6 | 11/18/2021 | $62,389.00 |
| 7 | 11/18/2022 | $62,389.00 |
| 8 | 11/18/2023 | $62,389.00 |
| 9 | 11/18/2024 | $62,389.00 |
| 10 | 11/18/2025 | $62,389.00 |
| 11 | 11/18/2026 | $62,389.00 |
| 12 | 11/18/2027 | $62,389.00 |
| 13 | 11/18/2028 | $62,389.00 |
| 14 | 11/18/2029 | $62,389.00 |
| 15 | 11/18/2030 | $62,389.00 |
| 16 | 11/18/2031 | $62,389.00 |
| 17 | 11/18/2032 | $62,389.00 |
| 18 | 11/18/2033 | $62,389.00 |
| 19 | 11/18/2034 | $62,389.00 |
| 20 | 11/18/2035 | $62,389.00 |
| 21 | 11/18/2036 | $62,389.00 |
| 22 | 11/18/2037 | $62,389.00 |
| 23 | 11/18/2038 | $62,389.00 |
| 24 | 11/18/2039 | $62,389.00 |
| 25 | 11/18/2040 | $62,389.00 |
| 26 | 11/18/2041 | $62,402.00 |
| Total Payments | 26 | $1,622,127.00 |

Case: 4:12-cv-00152-HEA   Doc. #: 86   Filed: 07/21/16   Page: 5 of 13 PageID #: 921
Case: 4:12-cv-00152-HEA   Doc. #: 85-2   Filed: 07/21/16   Page: 1 of 9 PageID #: 908
Appendix B

# IRREVOCABLE REVERSIONARY TRUST
## fbo DIRK A. ASKEW

## ESTABLISHED PURSUANT TO
## AN ORDER ISSUED BY
## THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF MISSOURI

# Irrevocable Reversionary Trust fbo Dirk A. Askew

### Article 1. Establishment of Trust

This Irrevocable Reversionary Trust ("the Trust") is established pursuant to the attached Amended Judgment and Orders of the United States District Court for the Eastern District of Missouri dated June 3, 2016, Joint Proposed Amended Opinion, Memorandum and Order ("Court Order of June 3, 2016") and June 24, 2016, Suggestion After Remand Regarding Selection of a Trustee for the Irrevocable Reversionary Trust for Future Medical Care ("Court Order of June 24, 2016"), in the case of Dirk A. Askew v. United States of America, No. 4:12CV00152 HEA.

Midland States Bank ("Trustee") accepts appointment to serve as Trustee of this Trust for the benefit of Dirk A. Askew ("Beneficiary"). This Trust is irrevocable and is not subject to amendment.

### 1.01 Identification of the Trust

This Trust shall be called the "Dirk A. Askew Irrevocable Reversionary Trust." The following format should be used for taking title to the Trust assets: "Midland States Bank as Trustee of the Dirk A. Askew Irrevocable Reversionary Trust, dated _____ 2016."

### 1.02 Transferring Property to the Trust

The Trust will be funded by an electronic funds transfer of $1,622,127.00 (One Million Six Hundred Twenty-Two Thousand and One Hundred Twenty Seven Dollars and No Cents), as directed by the Court Orders of June 3, 2016 and June 24, 2016. The Trustee accepts and agrees to hold and distribute such funds pursuant to the terms of this Trust. The sum set out in this paragraph shall be placed in an interest-bearing account. It is the only payment that will be made to this Trust.

### 1.03 Periodic Payment Distributions

The Trustee shall make the annual payments as set forth in the Schedule of Annual Periodic Payments attached at Appendix A to the Amended Judgment. During the lifetime of Dirk A. Askew, the Trustee shall pay each periodic payment set forth in the Schedule by electronic funds transfer to "Beulah M. Askew, as Attorney-in-Fact for Dirk A. Askew, or to a successor appointed by a court of competent jurisdiction to receive such payments."

No other distributions to or for the benefit of Dirk A. Askew are authorized. Any interest accumulated in the Trust shall remain, after payment of management expenses and fees, within the Trust for distribution to the Residuary Beneficiary as set out herein.

During the lifetime of Dirk A. Askew, the United States shall have no power over or within this Trust, neither over the assets of the Trust nor administration thereof. However, the Trustee shall provide the United States with a written notice after each periodic payment has been made. The notice shall be mailed to the United States within three (3) business days of the date payment is made and shall be mailed to the Director, Torts Branch (FTCA Section), P.O. Box 888, Benjamin Franklin Station, Washington, D.C. 20044 or, upon written notice, any subsequent change of address. Further, the United States shall have the right to object, and to seek Court intervention, in the event it appears a payment does not conform to the Schedule of Annual Periodic Payments or the fees and expenses of the Trustee appear excessive.

**Article 2: Trustee Succession**

**2.01 Trustee Succession**

If Midland States Bank is unwilling or unable to serve as Trustee, or otherwise cannot perform the duties set out herein as fiduciary, notice shall be promptly provided to Beulah M. Askew, Beneficiary's Attorney-in-Fact, to the Director of the Torts Branch (FTCA Section) at the address set forth above in paragraph 1.03, and to the U.S. District Court for the Eastern District of Missouri, which entered the Amended Judgment and Orders referenced above, requesting appointment and/or approval of a Successor Trustee. If the present corporate Trustee is purchased or merged with another bank or trust corporation, said successor corporation may continue as Trustee without the need for approval provided that the terms of this Trust are adhered to and not altered, and that such a successor is a financial institution similarly licensed and with trust powers under the laws of the State of Missouri. Subject to any order of the Court, upon the appointment and qualification of any successor Trustee, the same duties shall devolve on and the same rights, powers, authorities, privileges, and discretions shall inure to the successor Trustee as to the initial Trustee, and no successor Trustee shall have any duty, responsibility, obligation, or liability whatsoever for the acts, defaults, or omissions of any predecessor Trustee.

**2.02 Trustee Resignation, Removal, and Appointment**

Midland States Bank, as Trustee of the Dirk A. Askew Irrevocable Reversionary Trust, any successor trustee, Dirk A. Askew through his Attorney-in-Fact, or the United States, may file a petition seeking the removal or replacement of the Trustee, or for Court administration, on the basis that the Trustee has wasted or failed to preserve the assets of the Trust, has not or will not perform the duties of the Trust, or is not fulfilling its duties as fiduciary, including without limitation, if the then-acting Trustee has become financially insolvent or unstable, or has a significant decrease in its professional ratings.

**Article 3:   Administration Upon Death of Beneficiary**

**3.01   Payments to Cease upon Death of Beneficiary or Upon Final Payment in Year 26**

Payments as set forth in the Schedule of Annual Periodic Payments shall cease after the 26th payment, unless Dirk A. Askew dies prior to that date. Upon the date of death of Dirk A. Askew, the annual payments to Dirk A. Askew shall cease and no further payments shall be made for the benefit of Dirk A. Askew, or to his assigns, successors, Trusts, or Trustees. Within three (3) calendar days of the date of death of Dirk A. Askew, notice of his death shall be provided to the Trustee and the United States, and a certified Certificate of Death should be presented to them as soon as possible by the then-serving Attorney-In-Fact or Trustee for Dirk A. Askew. In the event a payment has been made to Dirk A. Askew after the date of his death, Dirk A. Askew's Attorney-In-Fact shall return said payment to the Trust within five (5) calendar days of the date of death.

**3.02   Payment of Remaining Funds to the United States as Residuary Beneficiary**

Upon the death of Dirk A. Askew, or after the 26th payment is made to the Beneficiary, whichever is earlier, all remaining funds held or controlled by the Trust shall revert to the United States. The Trustee shall assemble and account for such remaining funds, pay the final costs and fees of administration, and transfer the residuary funds or assets to the United States by check made payable to the United States Treasury fbo Dirk A. Askew. Unless directed otherwise by the Department of Justice, the Trustee shall mail the check to:

> Director, Torts Branch (FTCA Section)
> Civil Division, United States Department of Justice
> P.O. Box 888
> Benjamin Franklin Station
> Washington, DC 20044

**3.03   Termination of Trust**

Upon payment of residual assets and funds to the United States Treasury under the terms of paragraph 3.02 above, the Trust shall be deemed terminated without further legal action, and the Trustee shall immediately close the account and be released from further obligation under these terms.

**Article 4:  General Provisions**

**4.01  Trust is not an Available Asset of Beneficiary**

Dirk A. Askew, his Attorney-in-Fact, and any other representative on his behalf shall have no rights or discretion over the Trust or the Trust funds. The Trust funds are not available to the Beneficiary whether by court order or otherwise, other than by the payments set forth in the Schedule of Annual Periodic Payments.

**4.02  No Third Party Claims - Spendthrift Provision**

No third party may enforce any claim or right to payment against this Trust, nor enforce any lien or order against the stream of future payments.

Neither the income nor the principal of this Trust may be assigned, anticipated, encumbered, alienated, or otherwise voluntarily transferred in any manner by the Beneficiary. In addition, neither the income nor the principal of this Trust shall be liable for or charged with any debts, contracts, subject to attachment, bankruptcy proceedings or any other legal process, to the interference or control of creditors of the Beneficiary or others, torts of the Beneficiary, or otherwise subject to any involuntary transfer.

**4.03  No Court Proceedings**

To the extent consistent with the terms of this Trust, the Trust will be administered expeditiously, consistent with the provisions of this agreement, free of judicial intervention, and without need of order, approval, or action of any court.

**4.04  Trustee Compensation**

The Trustee and any successor Trustee shall be entitled to compensation in accordance with its then-current fee schedule for custody accounts (the current Midland States Bank fee schedule for Custody (Non-Managed Accounts) is attached as Exhibit A), which may be subject to review by a court of competent jurisdiction or the Residuary Beneficiary if any question about the reasonableness of its fees arises.

**4.05  Beneficiary's Status**

Until the Trustee receives notice of the death of the beneficiary, the Trustee will not be liable for acting or failing to act with respect to the needs or requirements of this Trust as otherwise would have been required or expected. For all purposes of this Trust or its administration, Beulah M. Askew, or a court-appointed successor, will be considered to be the Attorney-in-Fact for the Beneficiary Dirk A. Askew, and her or her court-appointed successor's statements, actions, instructions, or agreements shall be considered

to be those of the Beneficiary. In the event a payment has been made to Dirk A. Askew after the date of his death, Dirk A. Askew's Attorney-In-Fact shall return said payment to the Trust within five (5) calendar days of the date of death.

### 4.06 Governing Law

This Trust was created by an Amended Judgment entered into by the United States District Court for the Eastern District of Missouri on remand from the United States Court of Appeals for the Eighth Circuit and shall be construed and interpreted consistent with the Amended Judgment and Eighth Circuit opinion. The situs of the Trust cannot be changed, and any actions, challenges or motions shall be venued in the U.S. District Court for the Eastern District of Missouri.

### 4.07 Headings of Articles, Sections, and Subsections

The headings of Articles, Sections, and subsections used within this agreement are included solely for the convenience and reference of the reader. They have no significance in the interpretation or construction of this agreement.

### Article 5: Trustee's Powers

### 5.01 Powers in General

The Trustee may exercise, without prior approval from any court, all the powers conferred by this agreement consistent with the Amended Judgment and the Eighth Circuit opinion.

### 5.02 Investment and management of Assets

Consistent with the intent and requirements of this Trust and the Amended Judgment, the Trustee shall place the trust funds in an interest-bearing account or other investments with the objective of capital preservation.

The Trustee will exercise its powers in the manner that Trustee determines to be in the best interests of the current and residual beneficiaries. The Trustee may not exercise any power in a manner that is inconsistent with the Amended Judgment.

### Article 6: Trust Execution

It is contemplated that this Trust may be executed in several counterparts, with a separate page for each signatory. All such counterparts and signature pages, together, shall be deemed to be one document.

Executed this 20 day of July, 2016.
**TRUSTEE: MIDLAND STATES BANK**

By: _____

Heath Sorenson
Director, Wealth Management
& Trust Officer

Executed this 20th day of July, 2016.

By:

_____
Beulah M. Askew, Attorney-in-Fact
for Dirk A. Askew, Beneficiary

Executed this 20TH day of July 2016.
**RESIDUARY BENEFICIARY: UNITED STATES OF AMERICA**

By: _____
Nicholas P. Llewellyn
Assistant United States Attorney
Chief, Civil Division - EDMO